THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN P. ROLLEK, Appellant, et al., Defendants.

Fourth Department, July 9, 1952.

*Frank G. Raichle* and *Derrick C. Banning* for appellant.

*Gordon Steele, District Attorney* (*John F. Dwyer* and *Leonard Finkelstein* of counsel), for respondent.

*Per Curiam.* The appellant and James J. Caputo were charged by the Grand Jury of Erie County, in an indictment containing twenty-eight counts, with the crimes of conspiracy, bribery, taking unlawful fees and extortion. After a trial lasting several weeks, the jury found the defendants not guilty of bribery and taking unlawful fees and guilty of conspiracy and extortion. The defendant Caputo died before sentence and this court has before it the various questions raised by the appellant at the trial, on motions, and in his brief on the judgment of conviction on the extortion and conspiracy counts only.

The indictment grew out of an investigation by the February, 1951, Grand Jury of gambling, and corruption of public officials, and, in this case the licensing and operation of pinball machines which were operated on " free play " and cash " pay offs." The conspiracy count charged that the defendants, together with Winfield, Alfred Bergman, Coughlin and Clare, (the latter four being witnesses at the trial) were conspiring to permit the unlawful operation of gambling devices in the city of Buffalo. The appellant was appointed license director of the city January 1, 1950, and among his duties was the licensing of pinball machines under an ordinance of the city. Without going into the evidence, which covers hundreds of pages in the record, we reach the conclusion that there is sufficient evidence, if believed, from which the jury could find the appellant guilty

of the conspiracy count in the indictment. In reaching this decision we have not overlooked the provisions of section 399 of the Code of Criminal Procedure requiring corroboration of the testimony of an accomplice. We think the evidence here satisfies the rule laid down in *People* v. *Dixon* (231 N. Y. 111, 116) : '' The corroborative evidence need not show the commission of the crime; it need not show that defendant was connected with the commission of the crime. \* \* \* It is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth.''

We also agree with the trial court that it was a question of fact for the jury to determine whether or not the witnesses Soronson, Leroy Bergman and Siracuse were accomplices.

On the extortion conviction we reach a different conclusion. Section 850 of the Penal Law defines the crime as follows: '' Extortion is the obtaining of property from another, or obtaining the property of a corporation from an officer, agent or employee thereof, with his consent, induced by a wrongful use of force or fear, or under color of official right.''

Section 851 defines '' What threats may constitute extortion.'' Subdivision 1 provides that ''such threats include '' a threat '' To do an unlawful injury to the person or property of the individual threatened \* \* \* or to a corporation of which he shall be an officer, stockholder, employee, or agent ''.

Respondent urges that Winfield's testimony as to the substance of appellant's statement (at the time it was alleged that the '' pay offs '' were to be changed from appellant to Caputo) '' That that was the way it was going to be,'' constituted a threat that induced fear. Assuming but not deciding that the words constituted a threat, we find nothing in the record which indicated any fear was created in the mind of Winfield, who testified that his conversations with appellant '' were always cordial and on a friendly basis.'' In order to constitute the crime of extortion the statute clearly requires evidence of a threat which creates fear in the person threatened. We find the evidence here insufficient to support the jury verdict on this charge in the indictment.

The judgment of conviction insofar as it convicts the defendant of extortion should be reversed on the law and the extortion count in the indictment dismissed; the judgment of conviction insofar as it convicts the defendant of conspiracy should be affirmed.

All concur. Present—TAYLOR, P. J., McCURN, KIMBALL, PIPER, and WHEELER, JJ.

Judgment of conviction insofar as it convicts the defendant of extortion reversed on the law and the extortion count in the indictment dismissed; judgment of conviction insofar as it convicts the defendant of conspiracy and order affirmed.